UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID S. BRAUN,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>UNITED STATES,<br><br>　　　　　　　　　Defendant. | Case No. 3:24-cv-00029-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

Pro se Plaintiff David S. Braun asserts 16 claims against the United States in his First Amended Complaint. (ECF No. 18 ("FAC").) Plaintiff subsequently filed a motion to supplement his FAC (ECF No. 24-1 ("Supplement")) to add to counts 9 and 16 and to add a "new potential count 17." (ECF No. 24.) The Court grants this motion and considers both the FAC and the Supplement as Plaintiff's operative complaint. In response, the United States moved to dismiss the FAC. (ECF No. 25 ("Motion").)[1] For the reasons discussed below, the Court grants the Motion.

**II.　BACKGROUND**

The lengthy FAC recites various unusual and unpleasant experiences that Plaintiff encountered over the course of years, beginning "[a]round 2011, 2012, 2013," that led him to believe his background records have been modified to include fictitious information. (ECF No. 18 at 2.) Plaintiff made attempts to contact various government agencies to correct the false information.[2] Plaintiff asserts 16 counts based on these experiences, mainly requesting corrections of records. For example, count 1 requests that the United

---

[1] Plaintiff responded (ECF No. 27) and the United States replied (ECF No 28).

[2] Plaintiff filed lawsuits to "get the US Government to correct these facilities that are apparently running irrationally and completely covertly." (ECF No. 18 at 3.)

States Post Office ("USPO") correct its database that contains his address and ensure the information is updated and current.[3] (*Id.* at 8-12.) Count 2 asserts that the federal government issued orders for him to be pulled over while driving, resulting him receiving several traffic tickets that should be removed. (*Id.* at 12-19.) Count 13 requests correction of civil process in state and federal courthouses, including allegations that the District of Montana dismissed cases he brought there but he does not understand why. (*Id.* at 58-60.) Count 14 requests correction of his matrimonial background. (*Id.* at 60-61.) Count 15 requests corrections of information that appears in Plaintiff's background check. (*Id.* at 62.) The Supplement asserts a "new potential count 17" relating to record requests to the United States Marshals under the Freedom of Information Act. (ECF No. 24-1 at 9-10.)

Plaintiff appears to rely on the following federal statutes to support his claims: 5 U.S.C. §§ 702 and 703, 28 U.S.C. § 1339, 5 U.S.C. § 552a(g)(1)(c)(d), 42 U.S.C. § 1983, 18 U.S.C. §§ 251 and 252, 28 USC §1491(a)(2) (ECF No. 18 at 11, 18, 25-26, 28-29, 34-35, 37, 46, 50-51, 54, 56,-57, 59-62, 65.) Plaintiff also refers to 18 U.S.C. 1343 and 28 U.S.C. 1491(a)(2) in his Supplement. (ECF No. 24-1 at 2, 8.)

### III.   DISCUSSION

The United States moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(1). Because the Court agrees with the United States on its jurisdictional arguments, the Court declines to address the other grounds for dismissal.

Sovereign immunity is a threshold issue that goes to the court's subject matter jurisdiction. *See Cassirer v. Kingdom of Spain*, 616 F.3d 1019, 1026 (9th Cir. 2010). When a party makes a factual attack on the district court's subject matter jurisdiction under Rule 12(b)(1), the court "need not presume the truthfulness of the plaintiffs' allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a Rule 12(b)(1)

---

[3]Plaintiff states that he has sued the USPO "at least 4 times" and "most of these suites are based on these record request denial letters." (ECF No. 18 at 9.)

motion to dismiss. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff names the United States as the sole defendant. The United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citations omitted). Such waiver cannot be implied but must be unequivocally expressed. *Id.* (citing *United States v. King*, 395 U.S. 1, 4 (1969)).

The United States argues that the Court lacks subject matter jurisdiction to hear claims asserted under the federal statutes identified in the FAC: the Privacy Act, the Administrative Procedures Act ("APA"), 18 U.S.C. § 1983, the Medicare Act, the Tucker Act, and Title 18 of the United States Code. (ECF No. 27 at 8-16.) In response, Plaintiff reiterates that the relief sought is to primarily correct various records. (ECF No. 27 at 3 ("Counts 12, 13, 14, 15 are requests for record corrections."), 6 (a "new datacenter [to] rebuild the database from paper and shutting down the facility that has the breach in integrity"), 8 ("Plaintiff is requesting the Court/Government to correct the Force Majeure and allow Part D to operate as depicted in the evidence of coverage [apparently with Humana]"should [sic] be started).) The Court generally agrees with the United States.

The Court addresses why Plaintiff cannot sue the United States under each of the statute that Plaintiff appears to rely on to support his claims.

**A.    Privacy Act**

Claims based on the federal Privacy Act may only be asserted against federal agencies. *See* 5 U.S.C. § 552a (referring only to federal agencies); *McLeod v. Dep't of Veterans Affs.*, 43 F. App'x 70, 71 (9th Cir. 2002) ("[O]nly governmental agencies are subject to the Privacy Act."). Here, Plaintiff named only the United States, not a federal agency, as a defendant. (ECF No. 18 at 1.)

///

### B. Administrative Procedures Act

The APA itself does not generally provide an independent basis for subject matter jurisdiction, but if review is sought only under general review portions of the APA, the agency action at hand must be final. *See, e.g.*, *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998) (citing *Califano v. Sanders*, 430 U.S. 99, 105 (1977)); *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 882 (citing 5 U.S.C. § 704). If the agency action is not final, courts may not review the action. *See Fairbanks N. Star Borough v. U.S. Army Corps of Eng'rs*, 543 F.3d 586, 591 (9th Cir. 2008). In the FAC, Plaintiff fails to describe any final agency action in his claims against the United States. The Court thus does not have jurisdiction over any claims brought under 28 U.S.C. § 1339.

### C. Civil Rights Under § 1983

The United States and federal agencies are not "persons" within the meaning of section 1983, and therefore cannot be sued under this statute. *See, e.g.*, *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011); *Fixel v. United States*, 737 F. Supp. 593, 596 (D. Nev. 1990).

### D. Medicare Act

Only once a Medicare beneficiary exhausts all administrative remedies does a court have jurisdiction over their claim. *See Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 913 (9th Cir. 2022). Administrative review contains several steps, including a hearing before an administrative law judge and review by the Medicare Appeals Council. *Id.* Plaintiff alleges he was wrongfully denied prescription drug coverage but does not allege that he exhausted any administrative remedies first. The Court therefore lacks jurisdiction to hear this claim.

### E. Title 18

Title 18 does not carry a private right of action. *See, e.g.*, *Dyson v. Utigard*, 163 F.3d 607, 607 (9th Cir.1998); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). However, Plaintiff alleges criminal violations as the basis for civil liability in count 2, 3, and

9. The Court will grant the Motion related to these claims because no private right of action exists. To the extent that Plaintiff claims jurisdiction under 18 U.S.C. 1343 in count 11, the Court will also grant the Motion for the same reasons.

### F.    Tucker Act

The Tucker Act provides exclusive jurisdiction to the Court of Federal Claims to hear cases against the United States for "any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Equitable relief under the Tucker Act must be "incidental to and collateral to a claim for monetary damages." *Bobula v. Dep't of Justice*, 970 F.2d 854, 859 (Fed. Cir. 1992). Plaintiff's claims cannot be brought under the Tucker Act because the FAC is not based on a contract with the United States and makes no monetary claims. Moreover, any such claims must be raised in the Court of Federal Claims.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion to supplement (ECF No. 24) is granted.

It is further ordered that Defendant's motion to dismiss (ECF No. 25) is granted. Plaintiff's claims against the United States are dismissed for lack of subject matter jurisdiction.

It is further ordered that the Clerk of Court enter judgment in accordance with this order and close this case.

DATED THIS 2nd Day of January 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE